UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUBEN LORENZO (A# 098-983-921),

Petitioner,

v.

WARDEN, MESA VERDE DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-04805-DC-SCR (HC)

ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS

(Doc. No. 9)

Petitioner, a federal immigration detainee proceeding pro se, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 19, 2026, the magistrate judge filed findings and recommendations. (Doc. No. 9.) The magistrate judge found that Petitioner's detention has become unconstitutionally prolonged, even when considering the shift in detention authority from 1226(c) to 8 U.S.C. § 1231(a) effective August 15, 2026, and recommended that the habeas petition be granted on due process grounds. (*Id.*) The findings and recommendations were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within seven days. (*Id.*) On August 25, 2026, Respondents filed a Notice of Change in Custody Status in

/////

/////

which they advise that Petitioner is now subject to a final order of removal.[1] (Doc. No. 10.) That day, Respondents also filed objections to the findings and recommendations in which they argue that the magistrate judge was incorrect in finding that the *Mathews* factors weighed in Petitioner's favor, especially in light of the recent shift in Petitioner's detention authority to 8 U.S.C. § 1231(a). (Doc. No. 11.) Petitioner did not file objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the undersigned will decline to adopt the findings and recommendations and deny habeas relief. As explained further below, the undersigned finds that Petitioner is not entitled to the relief he seeks because he is subject to mandatory detention under 8 U.S.C. § 1231(a).

Petitioner seeks relief in the form of release or a bond hearing. (Doc. Nos. 1 at 17; 9 at 2.) The magistrate judge found that Petitioner is entitled to relief because his detention has grown unconstitutionally prolonged even in light of the recent final order of removal. (Doc. No. 9 at 4–7.). However, Petitioner's order of removal became final on August 15, 2026, which means that he is now subject to a mandatory 90-day detention period under 8 U.S.C. § 1231(a)(1)–(2)(A). *See* 8 U.S.C. § 1241.1(c) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final . . . . [u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time."); 8 U.S.C. § 1231(a)(1)–(2)(A) (setting forth the 90-day removal period during which the noncitizen "shall" be detained); *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) ("During the removal period, detention is mandatory."). Accordingly, the court will decline to adopt the magistrate judge's recommendation and will instead deny the petition for a writ of habeas corpus on the ground that Petitioner is not entitled to release from custody during the mandatory 90-day removal period that began running when his order of removal became administratively final on August 15, 2026.

Accordingly, IT IS HEREBY ORDERED that:

1. The court DECLINES TO ADOPT the findings and recommendations filed

[1] This shift in authority was considered and addressed by the magistrate judge in the findings and recommendations. (Doc. No. 9 at 4–5.)

August 19, 2026 (Doc. No. 9);

2. Petitioner Ruben Lorenzo's (A# 098-983-921) application for a writ of habeas corpus (ECF No. 1) is DENIED because Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a)(2)(A);

3. The Clerk of the Court is directed to serve a copy of this order on the Mesa Verde Detention Facility; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **October 20, 2026**

Dena Coggins
United States District Judge